IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENNARO RAUSO				:	CIVIL ACTION
						:
	v.					:
						:	No. 03-5810
MARSHA ROMERO, et al.			:

### ORDER-MEMORANDUM

AND NOW, this    2nd    day of June, 2005 "Commonwealth Defendants' Motion for Reconsideration" is granted in part.[1] Fed. R. Civ. P. 59(e).  Plaintiff's federal claims are dismissed

---

[1] "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or ot present newly discovered evidence." Reynolds v. Barnhart, 2005 WL 994620, at 1 (E.D. Pa., Apr. 27, 2005), citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). On March 17, 2005, defendants' motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) was denied.  The standard involved was as follows:

> In considering a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences from those facts in favor of the plaintiffs. . . . A court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Lum v. Bank of America, 361 F.3d 217, 220 (3d Cir. 2004) (citations omitted).

Defendants request reconsideration of the March 17, 2005 order, incorporating by reference all arguments raised in their original 12(b)(6) motion.  Plaintiff has not responded to the motion.

 The Commonwealth defendants are Marsha Romero, Jerome Fryzel, Mary Canino, Jeffrey Beard, Sarah (Vandenbraak) Hart, Robert Bitner, Marc Youngerman, Donald Vaughn and Kathleen Zwierznya.

Defendants William Ward, Allen Castor, Barbara Descher, Richard Kipp, Gary Lucht, Sean Ryan, Michael Webster, Lloyd White and Benjamin Martinez were dismissed by stipulation dated March 22, 2004.  Defendants' motion requesting dismissal of all claims against defendants Descher and White is, therefore, denied as moot.
.

and jurisdiction over plaintiff's state law claims is relinquished.[2] The ultimate effect of this ruling is to dismiss the complaint.

Plaintiff Gennaro Rauso's pro se complaint alleges violations of 42 U.S.C. § 1983. Factually, it alleges that a false charge of threatening a Corrections Officer was lodged against plaintiff; that he was found guilty of the charge in a hearing that violated due process; that his appeal was unsuccessful; and that, as a result, parole previously approved was rescinded.[3]

---

[2] Although discretionary, a decision to exercise pendent jurisdiction "should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'" Shaffer v. Bd. of School Directors, 730 F.2d 910, 913 (3d Cir. 1984) (citations omitted). Defendant argues that plaintiff's state law claims against defendants are barred by sovereign immunity. Pa. Const. Art. I, § 11; 1 Pa.C.S.A. § 2310 ("the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."); 42 Pa.C.S.A. § 8522(b) (setting forth nine narrowly defined statutory exceptions to sovereign immunity). If plaintiff chooses to file an action raising his state law claims, defendants can move for dismissal in state court on this basis.

[3] More specifically, the complaint alleges that on October 19, 2001, the Pennsylvania Board of Probation and Parole authorized plaintiff's release to a Community Corrections Center. Complaint, ¶ 11. The next day, plaintiff, an inmate at SCI Graterford, was involved in an incident in the dining room. Defendant Marsha Romero, a Corrections Officer, directed plaintiff to pick up a tray although no trays were available. Later, plaintiff picked up a tray and passed by Officer Romero, who stated, "I'll be seeing you on the block during count time." Complaint, ¶¶ 12-16. Concerned by the comment, plaintiff immediately informed Sgt. John Thomas, who told plaintiff to find out what Officer Romero meant. When plaintiff attempted to do so, Officer Romero stated, "You want to be a wise guy and complain about me to Sgt. [Thomas]. Give me your ID." Complaint, ¶¶ 17-20. Plaintiff was subsequently handcuffed, strip searched, and subjected to a visual body cavity search; a misconduct, number A139175, was issued against plaintiff for using abusive language, threatening an employee, and engaging in unauthorized group activity. Complaint, ¶¶ 21, 28.
On October 23, a hearing was held. Plaintiff requested that the DOC Hearing Examiner, defendant Mary Canino, recuse herself because she had been a defendant in one of plaintiff's prior lawsuits; Canino refused. Complaint, at ¶¶ 32-38. Canino elicited testimony from Romero at the hearing over plaintiff's objections; no video of the alleged incident was shown despite plaintiff's request. Complaint, ¶¶ 42, 44, 57. On October 26, Canino found plaintiff guilty of threatening an employee with bodily harm based on Romero's testimony. Plaintiff unsuccessfully appealed the decision. Complaint, ¶¶ 56, 60, 62, 65. On December 17, 2001,

Based on the foregoing, plaintiff contends that defendants' actions resulted in the decision to rescind his parole, and he asks for damages for the resulting harm. Construing plaintiff's pro se complaint liberally,[4] the following claims must be dismissed. While a number of the claims, if factually accurate, could entitle plaintiff to relief, they cannot proceed because of doctrinal bars and impediments, and cannot be reached given the threshold objections of a 12(b)(6) motion.

● All claims against the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole and all claims against all defendants in their official capacities are barred by the Eleventh Amendment. Atascardo State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Laskaris v. Thronburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citations omitted). Additionally, these defendants are not "persons" under § 1983 and, therefore, cannot be sued for damages. Will v. Michigan Dep't. Of State Police, 491 U.S. 58, 66 (1989).

Even without a procedural bar, the following claims would have to be dismissed:

● Counts 13, 17, 27, 39-42, and 47 - Plaintiff cannot state a viable Eighth Amendment claim based on the rescission of his previously approved parole. Inmates have no right to be released before the expiration of a valid prison sentence, and serving some or all of a valid prison sentence in prison does not constitute cruel and unusual punishment. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979); Snyder v. Riggs, Civ. A. No. 96-1569, 1996 WL 103820, at *2-*3 (E.D. Pa., Mar. 8, 1996).

● Counts 21-26, 28-32, 43-46 - Plaintiff cannot state a viable procedural due process claim

---

plaintiff's parole was rescinded because of his misconduct. Complaint, ¶ 84.

[4] Haines v. Kerner, 404 U.S. 519, 520 (1972) (court must liberally construe pro se complaint).

under the Fourteenth Amendment in connection with the charge and ensuing hearing that ultimately resulted in the recission of his parole, because neither the Constitution nor Pennsylvania statute give an inmate a liberty interest in parole. Greenholtz, 442 U.S. at 7; Rauso v. Vaughn, 79 F.Supp.2d 550, 551 (E.D. Pa. 2000). See also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (no liberty interest created by expectation of parole); Rauso, 79 F.Supp.2d at 551; Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319, 324 (Pa. 1999) (under Pennsylvania law, parole is not a protected liberty interest). Absent a protected liberty interest, a plaintiff cannot establish that a procedural due process violation occurred. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989) (citations omitted) (first step in procedural due process analysis asks "whether there exists a liberty or property interest which has been interfered with by the State.")

● Counts 3-6, 14-16, 43 - A right to be free from malicious prosecution is not actionable. See Albright v. Oliver, 510 U.S. 266, 270 n.14 (1994) (plurality) (no due process claim under 1983 for malicious prosecution). Here, moreover, plaintiff did not sustain a "deprivation of liberty consistent with the concept of a seizure" in connection with the hearing or the recission of parole - since he was already in prison at the time. Donohue v. Gavin, 280 F.3d 371, 380 (3d Cir. 2002) (citing Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998). See also Greer v. DeRobertis, 568 F. Supp. 1370, 1376 (N.D. Ill. 1983 ) (prison misconduct hearing cannot serve as basis for malicious prosecution claim).

BY THE COURT:

*s/ Edmund V. Ludwig*
Edmund V. Ludwig, J.